UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      v.

JOSEPH SIMONE, et al.,

                Defendants.

CV 07 3928

C.V. No.

GLEESON, J.

LEVY, M.J.

### PARTIAL FINAL CONSENT JUDGMENT OF
### PERMANENT INJUNCTION AND OTHER RELIEF AS TO
### DEFENDANTS JOSEPH SIMONE AND ISLAND CAPITAL MANAGEMENT, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") alleging that defendants Joseph Simone ("Simone") and Island Capital Management, Inc. ("Island") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and defendants Simone and Island having executed the Consent of Defendants Joseph Simone and Island Capital Management, Inc. ("Consent") annexed hereto and incorporated herein, having waived service of the Summons and Complaint and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over them and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Partial Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendants Joseph Simone And Island Capital Management, Inc. ("Partial Judgment"), without further notice:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants Simone and Island are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

(A)   employing any device, scheme, or artifice to defraud;

(B)   obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C)   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants Simone and Island are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(A)   employing any device, scheme, or artifice to defraud;

(B)   making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of the Court's order in *United States v. Joseph Simone*, 07-CR-179 (JG) (EDNY) that defendant Simone pay $3.6 million in forfeiture as a result of the same conduct that is alleged in the Commission's complaint, defendants Simone and Island are not additionally liable in the Commission's civil action for disgorgement of ill-gotten gains they received as a result of the conduct alleged in the complaint.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon motion of the Commission, the Court shall determine whether to impose a civil penalty against defendants Simone and Island pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty. In connection with the Commission's motion for a civil penalty, and at any oral argument held on such a motion: (a) defendants Simone and Island will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) defendants Simone and Island may not challenge the validity of the Consent or this Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Partial Judgment shall be binding upon defendants Simone and Island, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Partial Judgment by personal service or otherwise.

### VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Partial Judgment with the same force and effect as if fully set forth herein.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Partial Judgment.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Judgment forthwith and without further notice.

## CONSENT OF DEFENDANTS
## JOSEPH SIMONE AND ISLAND CAPITAL MANAGEMENT, INC.

1. Defendants Joseph Simone ("Simone") and Island Capital Management, Inc. ("Island"), being fully apprised of their rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Partial Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendants Joseph Simone and Island Capital Management, Inc. ("Partial Judgment"), appear and admit to the jurisdiction of this Court over them and over the subject matter of this action, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consent to the entry of the annexed Partial Judgment.

2. Defendants Simone and Island agree that this Consent Of Defendants Joseph Simone and Island Capital Management, Inc. ("Consent") shall be incorporated by reference in and made part of the Partial Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3. Defendants Simone and Island waive the right, if any, to a jury trial and to appeal from the Partial Judgment.

4. Defendants Simone and Island acknowledge that any violation of any of the terms of the Partial Judgment may place them in contempt of this Court and subject them to civil or criminal sanctions.

5. Defendants Simone and Island acknowledge that they enter into this Consent voluntarily, and that, other than the acceptance of Simone's offer to consent to the entry of an administrative order pursuant to Section 15(b) of the Securities Exchange Act of 1934, this Consent and the Partial Judgment embody the entire understanding of themselves and the Commission. Defendants Simone and Island acknowledge and agree that this proceeding, and their Consent to the entry of the Partial Judgment, are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6. Defendants Simone and Island acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7. Defendants Simone and Island acknowledge that, in conformity with the provisions of 17 C.F.R. § 202.5(f), their Consent and the entry of the annexed Partial Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against them or anyone else. Among other things, defendants Simone and Island waive any right they may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8. Defendants Simone and Island acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Defendants Simone and Island understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5(e). In compliance with this policy, defendants Simone and Island agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendants Simone and Island hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If defendants Simone and Island breach this agreement, the Commission may petition the Court to vacate the Partial Judgment and restore this action to its active docket. Nothing in this provision affects defendants Simone's and Island's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

10. Defendants Simone and Island agree that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Partial Judgment and for all other purposes.

11. Defendants Simone and Island hereby consent and agree that the annexed Partial Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

12. Defendants Simone and Island will not oppose the enforcement of the Partial Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13. Defendants Simone and Island waive service of the Partial Judgment and agree that entry of the Partial Judgment by the Court and filing with the Clerk of the Court will constitute notice to them of its terms and conditions. Defendants Simone and Island agree to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Partial Judgment no later than twenty (20) days after a copy of the Partial Judgment has been delivered to their counsel, Martin H. Kaplan, Esq., Gusrae, Kaplan, Bruno & Nusbaum PLLC 120 Wall Street, New York, N.Y. 10005.

14. Defendants Simone and Island hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendants Simone and Island to defend against this action. For these purposes, defendants Simone and Island agree that they are not the prevailing party in this

action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, defendants Simone and Island (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint their attorney, Martin H. Kaplan, Esq., as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses defendants Simone's and

Island's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

Dated: New York, New York
May 9th, 2007

*Joseph Simone*
Joseph Simone

On May 5th, 2007, Joseph Simone, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

MARTIN H. KAPLAN
Notary Public, State of New York
No. 02KA4619073
Qualified in Westchester County
Commission Expires March 30, 20__

Notary Public
Commission expires:

Island Capital Management, Inc.

By: _____
Name:
Title:

On _____, 2007, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Island Capital Management, Inc.

_____
Notary Public
Commission expires:

**SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

11

Island's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

Dated: _____, New York
_____, 2007

_____
Joseph Simone

On _____, 2007, Joseph Simone, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Island Capital Management, Inc.
By: _____
Name: Anthony Pascal
Title: Secy

On May 14, 2007, Anthony Pascal, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Island Capital Management, Inc.

/s/ Mary T Bannon
Notary Public
Commission expires:
MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

SO ORDERED:

s/John Gleeson                    9-24-07
_____
UNITED STATES DISTRICT JUDGE

11