UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

JOSEPH SIMONE, et al.,

                Defendants.

Civ. No. 07-3928 (JG)(RML)

## PARTIAL FINAL CONSENT JUDGMENT
## OF PERMANENT INJUNCTION AND OTHER RELIEF
## AS TO DEFENDANT BRIAN FABRIZZI

Plaintiff Securities and Exchange Commission ("Commission") having filed an amended complaint on September 24, 2007 ("Complaint") alleging, among other things, that defendant Brian Fabrizzi ("Fabrizzi") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and defendant Fabrizzi having executed the Consent of Defendant Brian Fabrizzi ("Consent") annexed hereto and incorporated herein, having acknowledged service of the Summons and Complaint and waiving the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, having consented to the

entry of this Partial Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendant Brian Fabrizzi ("Partial Judgment"), without further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Fabrizzi is permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

(A) employing any device, scheme, or artifice to defraud;

(B) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Fabrizzi is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(A) employing any device, scheme, or artifice to defraud;

(B)  making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon motion of the Commission, the Court shall determine whether to order disgorgement of ill-gotten gains and/or a civil penalty against defendant Fabrizzi pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of disgorgement and/or a civil penalty. If disgorgement is ordered, defendant Fabrizzi shall pay prejudgment interest on the disgorgement amount at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any oral argument held on such a motion: (a) defendant Fabrizzi will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of the Consent or this Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Partial Judgment shall be binding upon defendant Fabrizzi, his agents, servants, employees and attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Partial Judgment by personal service or otherwise.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Partial Judgment with the same force and effect as if fully set forth herein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Partial Judgment.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT BRIAN FABRIZZI

1. Defendant Brian Fabrizzi ("Fabrizzi"), being fully apprised of his rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Partial Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendant Brian Fabrizzi ("Partial Judgment"), appears and admits to the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the amended complaint ("Complaint") filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry of the annexed Partial Judgment.

2. Defendant Fabrizzi agrees that this Consent Of Defendant Brian Fabrizzi ("Consent") shall be incorporated by reference in and made part of the Partial Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3. Defendant Fabrizzi waives the right, if any, to a jury trial and to appeal from the Partial Judgment.

4. Defendant Fabrizzi acknowledges that any violation of any of the terms of the Partial Judgment may place him in contempt of this Court and subject him to civil or criminal sanctions.

5. Defendant Fabrizzi acknowledges that he enters into this Consent voluntarily, and that, other than the acceptance of his offer to consent to the entry of an administrative order pursuant to Section 15(b) of the Securities Exchange Act of 1934, this Consent and the Partial

5

Judgment embody the entire understanding of himself and the Commission. Defendant Fabrizzi acknowledges and agrees that this proceeding, and his Consent to the entry of the Partial Judgment, are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6. Defendant Fabrizzi acknowledges that he has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7. Defendant Fabrizzi acknowledges that, in conformity with the provisions of 17 C.F.R. § 202.5(f), his Consent and the entry of the annexed Partial Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against him or anyone else. Among other things, defendant Fabrizzi waives any right he may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8. Defendant Fabrizzi acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral

consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Defendant Fabrizzi understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5(e). In compliance with this policy, defendant Fabrizzi agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendant Fabrizzi hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If defendant Fabrizzi breaches this agreement, the Commission may petition the Court to vacate the Partial Judgment and restore this action to its active docket. Nothing in this provision affects defendant's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

10. Defendant Fabrizzi agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Partial Judgment and for all other purposes.

11. Defendant Fabrizzi hereby consents and agrees that the annexed Partial Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

12. Defendant Fabrizzi will not oppose the enforcement of the Partial Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13. Defendant Fabrizzi waives service of the Partial Judgment and agrees that entry of the Partial Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant Fabrizzi of its terms and conditions. Defendant Fabrizzi agrees to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging his receipt of the Partial Judgment no later than twenty (20) days after a copy of the Partial Judgment has been delivered to defendant Fabrizzi.

14. Defendant Fabrizzi hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendant Fabrizzi to defend against this action. For these purposes, defendant Fabrizzi agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, defendant Fabrizzi (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by

Commission staff; (iii) appoints Fabrizzi as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses defendant Fabrizzi's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over him in any United States District Court for purposes of enforcing any such subpoena.

Dated: July 8, 2008

_____
Brian Fabrizzi

On July 8, 2008, Brian Fabrizzi, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

JOYCE M. YUNCKES
Notary Public of New Jersey
My Commission Expires February 29, 2012

**SO ORDERED:**

s/John Gleeson
_____
UNITED STATES DISTRICT JUDGE

7-28-08



UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
Kenneth V. Byrne
TELEPHONE: (212) 336-0041
FACSIMILE: (212) 336-1317
byrnek@sec.gov

July 22, 2008

**Via Federal Express**

The Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201



Re: <u>SEC v. Joseph Simone, et al.</u>, CV 07-3928 (EDNY) (JG)

Dear Judge Gleeson:

On behalf of plaintiff Securities and Exchange Commission, I enclose for Your Honor's signature and approval an original executed Partial Final Consent Judgment as to Defendant Brian Fabrizzi. For the Court's convenience, we have enclosed two courtesy copies of the consent judgment.

If Your Honor has any questions, please do not hesitate to contact me at (212) 336-0041 or my colleague Joseph Dever at (212) 336-0058.

Respectfully Submitted,

Kenneth V. Byrne (KB-9376)

Enclosures

cc: Brian Fabrizzi, *Pro Se*