UNITED STATES DISTRICT COURT　　FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

  -versus-         ORDER
               07-CV-3928
PATRICK VERDI,

      Defendant.

APPEARANCES

  By: Kenneth V. Byrne
     Jack Kaufman
     Securities and Exchange Commission
     New York Regional Office
     3 World financial Center, Suite 400
     New York, NY 10281
     *Attorney for Plaintiff*

  By: Barry E. Schulman
     16 Court Street
     Brooklyn, NY 11241
     *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

  On May 15, 2012, defendant Patrick Verdi entered into a partial consent judgment which provided, *inter alia*, that "the Court shall determine whether to order disgorgement of ill-gotten gain and/or a civil penalty . . . and, if so, the amount(s) of disgorgement," as well as "prejudgment interest" on any disgorgement ordered. *See* Judgment 3, ECF No. 97. On January 27, 2014, the Securities and Exchange Commission ("SEC") moved for an order of disgorgement in the amount of $828,833 and prejudgment interest against Verdi. *See* Notice of Mot., ECF No. 139. It does not seek the imposition of a civil penalty. I held argument on April 11, 2014.

  I find that $828,833 is a reasonable approximation of profits causally connected to the defendants' violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and

Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), less the $1.1 million restitution payment that Verdi made in his parallel criminal case, *United States v. Verdi*, No. 07-CR-709 (E.D.N.Y. 2009). Therefore, the motion is granted to the extent it seeks an order of disgorgement in this amount.

Prejudgment interest on disgorgement may also be awarded "in order to deprive the defendant from obtaining the benefit of what would amount to an interest free loan procured as a result of illegal activity." *S.E.C. v. Roor*, No. 99-CV-3372, 2004 WL 1933578, at *10 (S.D.N.Y. Aug. 30, 2004) (internal quotation marks omitted). Whether to award prejudgment interest and the rate used to calculate such interest is within this Court's broad discretion. *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) ("The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion."). In determining whether prejudgment interest is warranted, "a court should consider (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Id.*

Taking into consideration Verdi's financial situation and his cooperation with the Commission, the Commission's request for pre-judgment interest is denied. In making this decision, I take into consideration the remedial purpose of the statute and am guided by considerations of fairness and the balance of the equities.

Judgment is awarded to the plaintiff Securities and Exchange Commission and against Patrick Verdi directing disgorgement in the sum of $828,833.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 18, 2014
      Brooklyn, New York